IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Criminal Case No. 21-cr-00184-PAB-1

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. RODNEY HAMMONS,

    Defendant.

_____

**ORDER**
_____

The matter before the Court is the Motion for Sentence Reduction Under 18 U.S.C. § 3582(C)(1)(A) (Compassionate Release) [Docket No. 47]. The government filed a response opposing the motion. Docket No. 50.

## I.    BACKGROUND

On January 21, 2022, defendant Rodney Hammons pled guilty to one count of knowing possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). Docket No. 28 at 1. On April 15, 2022, the Court sentenced Mr. Hammons to 110 months imprisonment, followed by three years of supervised release. Docket No. 43 at 1–3. Mr. Hammons is currently imprisoned at FCI Allenwood, FDC Philadelphia, a medium security federal correctional facility in White Deer, Pennsylvania, and has a projected release date of March 1, 2029. *See* Federal Bureau of Prisons, Inmate Locator, https://www.bop.gov/inmateloc/.

On March 27, 2023, Mr. Hammons filed a pro se motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). Docket No. 47. Mr. Hammons bases

his request for compassionate release on his heart condition, unstable medical care, medical negligence, the unsanitary conditions within the facility where he is incarcerated, widespread misconduct, and risks to his safety. *See id.* at 5. Specifically, Mr. Hammons argues that his history of heart abnormalities and bradycardia, which requires a pacemaker, as well as his reported foot pain, constitute extraordinary and compelling reasons warranting his release. *See* Docket No. 48 at 5–8. His claims of medical negligence appear to be based on his disagreement with his doctors over his prescription for Meloxicam and the fact that his doctors downplay the seriousness of his conditions. *Id.* at 7, 73–76.[1] The government raises three arguments in response to the motion: (1) Mr. Hammons's failure to exhaust administrative remedies; (2) Mr. Hammons's failure to demonstrate extraordinary and compelling circumstances; and (3) the 18 U.S.C. § 3553 factors weigh against a sentence reduction. Docket No. 50 at 2–6.

## II.  LEGAL STANDARD

Generally, a court may not modify a term of imprisonment once it has been imposed. *See Dillon v. United States*, 560 U.S. 817, 824 (2010); 18 U.S.C. § 3582(c)(1)(A). However, 18 U.S.C. § 3582(c)(1)(A)(i), known as the "compassionate release" provision, allows a court to modify a sentence in certain circumstances. Under that provision, "a district court may grant a sentence reduction if, after considering the 18 U.S.C. § 3553(a) sentencing factors, it finds that 'extraordinary and compelling reasons warrant such a reduction' and the 'reduction is consistent with applicable policy

---

[1] Mr. Hammons's allegations regarding the conditions of his confinement at FCI Terra Haute are no longer relevant given that Mr. Hammons has been transferred to FCI Allenwood. *See* Docket No. 47 at 6.

statements issued by the Sentencing Commission.'" *United States v. Saldana*, 807 F. App'x 816, 819 (10th Cir. 2020) (unpublished) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)).

However, a district court may grant a sentence reduction upon motion of the defendant only "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  18 U.S.C. § 3582(c)(1)(A).  T]he exhaustion requirement, though nonjurisdictional, remains a mandatory claim-processing rule that the court must enforce when the government invokes it."  *United States v. Gieswein*, 2021 WL 4852420, at *2 n.2 (10th Cir. Oct. 19, 2021) (unpublished); *see also United States v. Johnson*, 849 F. App'x 750, 753 (10th Cir. 2021) (unpublished).  The defendant has the burden to prove that he exhausted his administrative remedies under § 3582(c)(1)(A). *United States v. Segura*, 2023 WL 3934663, at *1 (D.N.M. June 9, 2023) (citing *United States v. Hemmelgarn*, 15 F.4th 1027, 1029 (10th Cir. 2021)).

### III.   ANALYSIS

Because the government has raised the issue, the Court will first address whether defendant has exhausted his administrative remedies.  *See* Docket No. 50 at 2; *see also Hemmelgarn*, 15 F.4th at 1030–31; *Gieswein*, 2021 WL 4852420, at *2 n.2. Mr. Hammons used a standardized form to file his motion for compassionate release. *See* Docket No. 47.  The form asks the question "[h]ave you personally submitted your request for compassionate release to the Warden of the institution where you are incarcerated," to which Mr. Hammons checked the box indicating "[n]o, I did not submit a request for compassionate release with the warden."  *Id.* at 3.  In explanation, Mr. Hammons states, "[d]ue to first[ ] hand knowledge of warden T. Rule maliciously

ignoring inmate's cra,[2] I have chosen to file [with the] court." *Id.* The government argues that Mr. Hammons's admission that he did not submit his request for compassionate release with the warden of his institution precludes his ability to seek compassionate release by the Court. Docket No. 50 at 2. Mr. Hammons did not file a reply to the government's arguments.

The Court finds, by Mr. Hammons's own admission, that Mr. Hammons has failed to exhaust his administrative remedies. The Tenth Circuit has acknowledged that other courts have held that "[a] court may waive the exhaustion requirement if certain exceptions apply, including a finding that exhaustion would be futile or would subject the individual to undue prejudice." *Johnson*, 849 F. App'x at 752–53 (quoting *United States v. Coles*, 455 F. Supp. 3d 419, 424 (E.D. Mich. 2020)). However, the court has stated that, "[i]n this circuit, . . . § 3582(c)(1)(A)'s exhaustion requirement is mandatory, rather than judicially waivable." *Id.* at 753 (citing *Gieswein*, 832 F. App'x at 577–78; *United States v. Springer*, 820 F. App'x 788, 791–92 (10th Cir. 2020) (unpublished)). Moreover, even if the Court were to consider Mr. Hammons's suggestion that it would have been futile for him to seek compassionate release from BOP, the fact that Mr. Hammons believes that the warden is likely to ignore his request does not excuse his failure to exhaust administrative remedies. He provides no evidence to support his claim that his request would be ignored by the warden. Further, even if the Court were to assume that the warden would deny Mr. Hammons's request for compassionate release, Mr. Hammons has not shown that an administrative appeal from the warden's decision would not have been effective or that he was prevented from making such an

---

[2] Mr. Hammons does not identify what "cra" means. The Court presumes that "cra" may refer to a compassionate release application.

appeal. *Thornton v. Daniels*, 554 F. App'x 762, 767 (10th Cir. 2014) (unpublished) (rejecting futility argument because defendant never showed "that he presented to any appellate body the materials or information which he was repeatedly told he needed to provide, nor has he provided any evidence or record support for any claim that he was prevented from providing such materials or information").  Mr. Hammons has also not shown that requesting relief from the BOP through the administrative process would be futile.  *Compare United States v. Tyler*, 2022 WL 2866700, at *2 (D. Kan. July 29, 2022) (administrative exhaustion would be futile since the "BOP is not authorized to grant compassionate release based on a sentencing disparity because it is not one of the 'extraordinary and compelling' grounds for relief under Section 1B1.13").  As such, Mr. Hammons has not shown that "administrative relief was 'effectively foreclosed'" to him. *Cantrall v. Chester*, 454 F. App'x 679, 681 (10th Cir. 2012) (unpublished) (quoting *Goodwin v. Oklahoma,* 923 F.2d 156, 158 (10th Cir. 1991)).  Therefore, the Court will deny Mr. Hammons's motion without prejudice.  *See United States v. Ramirez*, No. 14-cr-00249-PAB-2, 2022 WL 1092180, at *3 (D. Colo. Apr. 12, 2022) (noting that dismissal without prejudice is proper when a defendant fails to comply with § 3582(c)(1)(A)'s exhaustion requirement); *United States v. Purify,* 2021 WL 5758294, at *4 n.3 (10th Cir. Dec. 3, 2021) (unpublished) ("dismissals for failure to exhaust are ordinarily without prejudice.").

### IV.   CONCLUSION

It is therefore

**ORDERED** that the Motion for Sentence Reduction Under 18 U.S.C. § 3582(C)(1)(A) (Compassionate Release) [Docket No. 47] is **DENIED without prejudice**.

DATED May 6, 2025.

BY THE COURT:

_____
PHILIP A. BRIMMER
Chief United States District Judge